## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| EMIDENCIA ABEDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO: _____ |
| ) | |
| GOLDEN LION TRANSPORTATION, ) | |
| LLC, NORTHLAND INSURANCE ) | STATE COURT |
| COMPANY, and OLEKSANDR ) | FILE NO: 22-C-01561-S6 |
| DUBOV, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants GOLDEN LION TRANSPORTATION LLC, NORTHLAND INSURANCE COMPANY, AND OLEKSANDR DUBOV (hereinafter "Defendants") hereby remove this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and all applicable laws.

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party properly joined

and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed.

As grounds for this removal, Defendants state as follows:

## I. INTRODUCTION

1. On March 16, 2022, Plaintiff Emidencia Abedi filed a Complaint for Damages in the State Court of Gwinnett County, Georgia, for alleged injuries arising out of a motor vehicle accident on October 30, 2020, in DeKalb County, Georgia between a tractor trailer driven by Defendant Dubov and a vehicle driven by Plaintiff. (Compl., ¶¶ 6-10.) The State Court Action is captioned <u>Emidencia Abedi v. Golden Lion Transportation, LLC, Northland Insurance Company, and Oleksandr Dubov</u>, Civil Action No. 22-C-01561-S6 (hereinafter the "State Court Action").

2. Plaintiff's Complaint alleges negligence and state law tort claims against Defendants arising out of the subject motor vehicle accident. (Compl., ¶¶ 12-18, 20-22, 24-27, 29-32.)

3. Plaintiff alleges Defendant Dubov, who was acting on behalf of Defendant Golden Lion Transportation LLC, was negligent in causing the subject accident. (Compl., ¶¶ 11-18, 21.)

4. Plaintiff alleges the negligence of Defendant Dubov is imputable to Defendant Golden Lion Transportation LLC under the doctrines of lease liability,

agency, or apparent agency. (Compl., ¶¶ 19-22.) Additionally, Plaintiff alleges that Defendant Golden Lion Transportation LLC negligently hired, trained, and supervised Defendant Dubov. (Compl., ¶¶ 23-27.)

5. Plaintiff alleges that Defendants' negligence caused her serious physical injuries and damages, medical bills, lost wages, and pain and suffering. (Compl., ¶¶ 33-35.) Plaintiff claims she is entitled to punitive damages. (Compl., ¶ 37.) Plaintiff claims she is entitled to attorney's fees and expenses of litigation. (Compl., ¶ 38.)

6. Plaintiff filed this action against Defendant Northland Insurance Company under the Georgia Direct Action Statute, O.C.G.A. § 40-2-140. (Compl. ¶¶ 28-32.) Plaintiff alleges Defendant Northland Insurance Company was the insurer for Defendant Golden Lion Transportation LLC. (Compl. ¶ 29.)

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

7. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     The Amount in Controversy Requirement Is Satisfied.**

8.     When a plaintiff does not allege a specific amount of damages in the complaint, the removing defendant may demonstrate the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1446(c)(2).

9.     "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation).  Id.; Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990)).

10.    Courts have held that the amount in controversy requirement may be sufficiently met based on the level of detail of alleged damages in a settlement offer and a pre-suit demand being greater than $75,000.00.  Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Patel v. Kroger Co., No. 1:13-CV-02901-JOF,

2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013). Furthermore, a defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.4d 744, 754 (11th Cir. 2010). Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint… establishes the jurisdictional amount." Id. at 770. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010).

11. Here, Plaintiff alleges she incurred medical expenses, severe and permanent physical injuries and damages, and pain and suffering as a result of the subject accident. (Compl., ¶¶ 34-35.) Plaintiff claims she will continue to suffer future medical expenses and lost wages. (Compl., ¶¶ 34.) Plaintiff claims she is entitled to punitive damages. (Compl., ¶ 37.) Plaintiff claims she is entitled to attorney's fees and expenses of this litigation. (Compl., ¶ 38.)

12. On July 13, 2021, Plaintiff made a demand to Defendant Northland Insurance Company for $1,000,000.00 to settle Plaintiff's claims against Defendants. (Demand Letter, p. 7; attached as Exhibit "C.") In her demand, Plaintiff

contends she has incurred $447,702.40 in medical bills from her alleged injuries sustained in the subject motor vehicle accident. (Exhibit "C," Demand Letter, p. 6.)

13. Plaintiff's demand is greater than $75,000.00 and Plaintiff cannot shield this case from removal. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Patel v. Kroger Co., No. 1:13-CV-02901-JOF, 2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013); Estate of Thornton ex. rel. Thornton v. Unum Life Ins. Co. of America, 445 F. Supp. 2d 1379, 1382 (N.D. Ga. 2006); see also Ray v. GPR Hospitality, LLC, No. 1:14-CV-1309-CC, 2015 U.S. Dist. LEXIS 103615, at *10 (N.D. Ga. Aug. 7, 2015) (a $150,000.00 settlement offer was "clearly indicative of Plaintiff's intent to recover damages above the jurisdictional threshold").

14. Based upon the allegations of the Complaint, the purported damages alleged in her demand, and the other damages Plaintiff is seeking to recover in this lawsuit, it appears in good faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.**

15. There is complete diversity between Plaintiff and Defendants. (See Compl., ¶¶ 1-4.)

16. Plaintiff is resident of Georgia. (Compl., ¶ 1.)

17. Defendant Dubov is a resident of North Carolina. (Compl. ¶ 4.)

18. Defendant Golden Lion Transportation LLC is a limited liability company organized under the laws of Pennsylvania and maintains its principal place of business in North Carolina. (Compl., ¶ 2; see Certificate of Organization; attached as Exhibit "D.") For purposes of subject matter jurisdiction, Golden Lion Transportation LLC is a citizen of Pennsylvania and North Carolina; it is not a citizen of Georgia.

19. Defendant Northland Insurance Company is a corporation organized under the laws of Connecticut and maintains its principal place of business in Connecticut. (Compl., ¶ 3.) Accordingly, for purposes of subject matter jurisdiction, Northland Insurance Company is a citizen of Connecticut; it is not a citizen of Georgia.

20. On information and belief, including based on Plaintiff's allegations in Paragraphs 1 through 4 of the Complaint, there is complete diversity between Plaintiff and Defendants.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

21. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process and pleadings served upon Defendants, which papers include the Complaint and Summons directed to Defendants, are attached hereto as Exhibit "A."

22. Concurrently with the filing of this Notice, Defendants have given notice of this Notice of Removal to all parties on record and to the Clerk of the State Court of Gwinnett County, Georgia. A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

23. This notice is filed within one year of the commencement of this action, and it is filed within 30 days after service of the Complaint on Defendant Golden Lion Transportation LLC, which was served with Plaintiff's Complaint on March 25, 2022. (Exhibit "A.")

24. Defendants Dubov and Northland Insurance Company consent to the removal of this lawsuit pursuant to 28 U.S.C. 1446(b)(2)(C).

25. In accordance with 28 U.S.C. 1446(b)(2)(A), all defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

26. Defendants have complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal. By virtue of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Northern District of Georgia, Atlanta Division, has original jurisdiction over this matter.

27. By removing this action to Federal Court, Defendants do not waive any available defenses, nor do they admit any of the allegations made in the plaintiff's Georgia-court complaint.

28. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction over this case as provided by law.

This 21st day of April, 2022.

                                          Respectfully submitted,

                                          SWIFT, CURRIE, McGHEE & HIERS, LLP

                                          /s/ Daniel J. Kingsley
                                          Daniel J. Kingsley
                                          Georgia Bar No. 541547
                                          Attorney for Defendants Golden Lion
                                          Transportation LLC, Northland Insurance
                                          Company, and Oleksandr Dubov

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
daniel.kingsley@swiftcurrie.com

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), N.D. Ga.

This 21st day of April, 2022.

        Respectfully submitted,

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        /s/ Daniel J. Kingsley
        Daniel J. Kingsley
        Georgia Bar No. 541547
        Attorney for Defendants Golden Lion
        Transportation LLC, Northland Insurance
        Company, and Oleksandr Dubov

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
daniel.kingsley@swiftcurrie.com

# CERTIFICATE OF SERVICE

I hereby certify that I caused the attached **NOTICE OF REMOVAL** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

Sarah P. Cornejo (sarah@scornejolaw.com)
Christopher R. Keegan (chris@scornejolaw.com)
SARAH CORNEJO LAW, LLC
313 Creekstone Ridge
Woodstock, Georgia 30188
aimee@scornejolaw.com

This 21st day of April, 2022.

> Respectfully submitted,
>
> SWIFT, CURRIE, McGHEE & HIERS, LLP
>
> /s/ Daniel J. Kingsley
> Daniel J. Kingsley
> Georgia Bar No. 541547
> Attorney for Defendants Golden Lion
> Transportation LLC, Northland Insurance
> Company, and Oleksandr Dubov

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
daniel.kingsley@swiftcurrie.com

4857-3048-0411, v. 1