E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01561-S6**
**3/16/2022 4:54 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EMIDENCIA ABEDI,

               Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

               Defendants.

**JURY TRIAL DEMANDED**

CAFN:    22-C-01561-S6

### COMPLAINT FOR DAMAGES

COME NOWS Emidencia Abedi, Plaintiff, and makes and files this complaint against Defendants Golden Lion Transportation, LLC, Northland Insurance Company, and Oleksandr Dubov as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court.

2.

Defendant Golden Lion Transportation, LLC ("Golden Lion") is a foreign limited liability company and may be served through its principal owner, Oleksandr Dubov, at 8744 Fieldcroft Dr., Charlotte, NC 28277 and is subject to the jurisdiction of this court.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 1 of 7

**EXHIBIT "A"**

3.

Defendant Northland Insurance Company ("Northland") is a foreign corporation and may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092 and is subject to the jurisdiction of this court.

4.

Defendant Oleksandr Dubov ("Dubov") is a resident of the State of North Carolina and may be served at his residential address at 8744 Fieldcroft Dr., Charlotte, NC 28277 and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about October 30, 2020, Defendant Dubov was driving a tractor-trailer eastbound on I-285 in DeKalb County, Georgia.

7.

On the same date and time in question, Plaintiff was driving a 2019 Cadillac Xt4 eastbound on I-285 in DeKalb County, Georgia in front of Defendant.

8.

Defendant Dubov was following too closely and struck Plaintiff's vehicle from behind.

9.

Defendant Dubov caused the subject collision.

10.

As a result of the collision, Plaintiff suffered serious bodily injury.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 2 of 7

## COUNT I – NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant Dubov was negligent in following too closely.

13.

Defendant Dubov was negligent in failing to maintain a proper lookout while operating the vehicle.

14.

Defendant Dubov was negligent in failing to keep a safe distance behind Plaintiff.

15.

Defendant Dubov was negligent in failing to stop at a safe distance behind Plaintiff.

16.

Defendant Dubov was negligent in in failing to maintain control of his vehicle.

17.

Defendant Dubov was negligent in failing to operate his vehicle in a safe a prudent manner.

18.

Defendant Dubov's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 3 of 7

## COUNT II – IMPUTED LIABILITY

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At the time of the subject collision, Defendant Dubov was under dispatch for Defendant Golden Lion.

21.

At the time of the subject collision, Defendant Dubov was operating the vehicle on behalf of Defendant Golden Lion.

22.

Defendant Golden Lion is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Dubov in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Golden Lion was negligent in hiring Defendant Dubov and entrusting him to drive a tractor-trailer.

25.

Defendant Golden Lion was negligent in failing to properly train Defendant Dubov.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 4 of 7

26.

Defendant Golden Lion was negligent in failing to properly supervise Defendant Dubov.

27.

Defendant Golden Lion's negligence in hiring Defendant Dubov and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

Defendant Northland is subject to a direct action as the insurer for Defendant Golden Lion pursuant to O.C.G.A. § 40-2-140.

30.

Defendant Northland was the insurer of Defendant Golden Lion at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

31.

Defendants Golden Lion and Northland are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

32.

Defendant Northland is responsible for any judgment rendered against Defendant Golden Lion.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 5 of 7

## COUNT V – DAMAGES

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

35.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

## COUNT VI – PUNITIVE DAMAGES

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

## VII – ATTORNEYS' FEES

38.

Defendant and his agents have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorneys' fees as

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 6 of 7

defined by O.C.G.A. § 13-6-11. Defendant and his agents have acted in bad faith and have

forced Plaintiff to file this lawsuit in order to receive compensation for her injuries.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against

Defendants as follows:

a.  That Plaintiff recover past and future medical expenses and lost wages in an
    amount to be proven at trial;

b.  That Plaintiff recover for past and future physical and mental pain and suffering
    in an amount to be determined by the enlightened conscience of a jury;

c.  Judgment be awarded to Plaintiff and against Defendant for punitive damages,
    attorneys' fees and expenses in bringing this action in a fair and reasonable
    amount; and

d.  That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted, this the 11ᵗʰ day of March , 2022.

SARAH CORNEJO LAW, LLC

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia 30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 7 of 7

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01561-S6**
**3/16/2022 4:54 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Emidencia Abedi**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____  **22-C-01561-S6**

VS.

**Oleksandr Dubov**

**8744 Fieldcroft Drive**

**Charlotte, NC 28277**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Sarah P. Cornejo, Esq., Sarah Cornejo Law, LLC. 313 Creekstone Ridge, Woodstock, GA 30188
sarah@scornejolaw.com; chris@scornejolaw.com; aimee@scornejolaw.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of **March** _____, 20**22**

17th day of March, 2022

Tiana P. Garner
Clerk of State Court

By_____

Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01561-S6
3/16/2022 4:54 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Emidencia Abedi**

_____

_____

PLAINTIFF

VS.

**Northland Insurance Company**

**2 Sun Court, Suite 400**

**Peachtree Corners, GA 30092**

DEFENDANT

22-C-01561-S6

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Sarah P. Cornejo, Esq., Sarah Cornejo Law, LLC. 313 Creekstone Ridge, Woodstock, GA 30188
sarah@scornejolaw.com; chris@scornejolaw.com; aimee@scornejolaw.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of **March**_____, 20**22**.

17th day of March, 2022

Tiana P. Garner
Clerk of State Court

By _____

Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01561-S6**
**3/16/2022 4:54 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Emidencia Abedi**

CIVIL ACTION
NUMBER:_____ **22-C-01561-S6**

PLAINTIFF

VS.

**Golden Lion Transportation, LLC**

**8744 Fieldcroft Drive**

**Charlotte, NC 28277**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Sarah P. Cornejo, Esq., Sarah Cornejo Law, LLC. 313 Creekstone Ridge, Woodstock, GA 30188
sarah@scornejolaw.com; chris@scornejolaw.com; aimee@scornejolaw.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of **March** _____, 20**22** .

17th day of March, 2022

Tiana P. Garner
**Clerk of State Court**

By _____

**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01561-S6**
**3/16/2022 4:54 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EMIDENCIA ABEDI,

                    Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

                    Defendants.

**JURY TRIAL DEMANDED**

22-C-01561-S6

CAFN:

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT GOLDEN LION TRANSPORTATION, LLC

COME NOWS Emidencia Abedi (hereinafter "Plaintiff") and pursuant to O.C.G.A. § 9-11-36 makes the following Request for Admissions to Defendant Golden Lion Transportation, LLC (hereinafter "Defendant Golden Lion" or "Defendant") or response within thirty (30) days from the date of service.

NOTE A: As used herein, the term "you" and "your," is intended to and shall embrace and include any and all Defendants, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendants, and all others who are in possession of or who may have obtained information for or on behalf of Defendants.

NOTE C: As used herein, the term "person" is intended to and shall embrace and include all natural persons in any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Requests for Admission to Defendant Golden Lion Transportation, LLC**
Page 1 of 5

NOTE D: If any Request for Admission is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendants relies as the basis for each objection.

## REQUESTS FOR ADMISSION

1.

Defendant Golden Lion is a proper party to this lawsuit.

2.

Defendant Golden Lion is properly named in this lawsuit.

3.

Service was proper on Defendant Golden Lion in this case.

4.

Defendant Golden Lion is subject to the jurisdiction of this Court.

5.

Venue is proper as to Defendant Golden Lion in this Court.

6.

Defendant Golden Lion was a motor carrier as defined by federal law and regulations at the time of the Subject Collision.

7.

On October 30, 2020, the Tractor-Trailer being operated by Defendant Dubov was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

At the time of the Subject Collision, Defendant Dubov was required to follow all applicable standards set forth in the Commercial Driver License Manual.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Requests for Admission to Defendant Golden Lion Transportation, LLC**
Page 2 of 5

9.

At the time of the Subject Collision, Defendant Dubov was required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

10.

At the time of the Subject Collision, the Tractor-Trailer being operated by Defendant Dubov was owned by Defendant Golden Lion.

11.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

12.

There is no evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

13.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the Subject Collision.

14.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

15.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

16.

Plaintiff has no responsibility for causing the Subject Collision.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia, CAFN:
**Plaintiff's First Requests for Admission to Defendant Golden Lion Transportation, LLC**
Page 3 of 5

17.

Defendant Dubov is partially responsible for causing the Subject Collision.

18.

Defendant Dubov is fully responsible for causing the Subject Collision.

19.

You are not aware of any evidence or proof that someone other than Defendant Dubov was the proximate cause of the Subject Collision.

20.

No person or entity other than Defendant Dubov has responsibility for causing the Subject Collision.

21.

Defendant Golden Lion is responsible for any award of compensatory damages a jury awards as a result of Defendant Dubov's negligence.

22.

Defendant Dubov was the primary cause of the Subject Collision.

23.

You made a preventability determination with regard to the Subject Collision.

24.

You determined the Subject Collision was preventable.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Requests for Admission to Defendant Golden Lion Transportation, LLC**
Page 4 of 5

Respectfully submitted, this the 11th day of March, 2022.

**SARAH CORNEJO LAW, LLC**

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Requests for Admission to Defendant Golden Lion Transportation, LLC**
Page 5 of 5

Case 1:22-cv-01554-MHC   Document 1-1   Filed 04/22/22   Page 16 of 84

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01561-S6**
**3/16/2022 4:54 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EMIDENCIA ABEDI,

                    Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

                  Defendants.

**JURY TRIAL DEMANDED**

CAFN:     22-C-01561-S6

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT
## GOLDEN LION TRANSPORTATION, LLC

COMES NOW, Plaintiff Emidencia Abedi, by and through her undersigned counsel of record, pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, and serves on Defendant, Golden Lion Transportation, LLC (hereinafter "Defendant" or "Defendant Golden Lion"), *Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC*, as follows:

### INSTRUCTIONS

1. If the Interrogatories are objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendant relied as the basis for each objection.

2. These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

3. ALL definitions set forth in the section below shall be carefully followed.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 1 of 15

## DEFINITIONS

1. As used herein, the term "you" and "your," is intended to and shall embrace and include Defendant, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendant, and all others who are in possession of or who may have obtained information for or on behalf of Defendant.

2. As used in these Interrogatories, the term "document" is intended to and shall embrace and include everything, whether tangible or not, which is included in the definition of "document" as that term is used in O.C.G.A. § 9-11-34.

3. As used in these Interrogatories, the term "tangible thing" is intended to and shall embrace and include everything which is included in the definition of "tangible things" as that term is used in O.C.G.A. § 9-11-34.

4. As used herein, the term "person" is intended to and shall embrace and include all natural persons and any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

5. As used herein, the term "writing" is intended to and shall embrace and include everything, whether tangible or not, by whomever produced or reproduced, now or at any time in your possession, custody or control, including, but not limited to, all letters, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions, treatises, text books, memoranda, notes, notebooks, work sheets, drawings, agreements, memoranda of conversations, recordings, photographs, diaries or other written, recorded graphic matters and all records of information or communication of

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 2 of 15

whatsoever type or nature which is included in the definition of O.C.G.A. § 9-11-34, including copies or reproductions of all the foregoing items upon which notations or writings have been made which do not appear on the originals.

6. When asked in the Interrogatories for the "identification" of any document or tangible thing, please give the following information:

    (a)    description of the item;

    (b)    nature of the item;

    (c)    date and place the item was made, executed, taken, etc.;

    (d)    identity of the individual who took the item;

    (e)    general summary of the contents of the item, if applicable;

    (f)    how many and what kind of copies, reproductions or other facsimiles there are of the item;

    (g)    condition of the item; and

    (h)    identity of the person or persons who presently have custody of the item or any copy, reproduction, or facsimile thereof.

7. When asked in the Interrogatories for the "identification" of any natural person or legal entity, give the following information:

    (a)    full name of the person or entity;

    (b)    job title;

    (c)    present employer;

    (d)    present or last known residence or business address; and

    (e)    present or last known telephone numbers.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 3 of 15

1.  be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### DEFENDANT GOLDEN LION TRANSPORTATION, LLC'S INFORMATION

1.

If you contend that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify the following people:

(a)    The Safety Director/Chief Safety Officer for Defendant Golden Lion on the date of the Subject Collision and now;

(b)    The person(s) primarily responsible for compliance with state and federal safety regulations Defendant Golden Lion on the date of the Subject Collision and now;

(c)    The person(s) responsible for training Defendant Dubov; and

(d)    Defendant Dubov's supervisor and manager on the date of the Subject Collision.

3.

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Defendant Golden Lion's driver's actions in the past three years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

4.

Identify and explain each communication of any kind between any federal and/or state

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 4 of 15

agency and Defendant Golden Lion that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years. This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, and safety ratings.

<u>VEHICLE INFORMATION</u>

5.

With respect to the <u>tractor</u> operated by Defendant Dubov at the time of the Subject Collision, provide the following information:

(a)     Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)     Provide the mileage and gross weight at the time of the Subject Collision;

(c)     For the engine, identify the manufacturer, year, model and identification number;

(d)     Identify all systems and devices in/on the tractor that have the capability of recording and or transmitting any data about the operation of the tractor (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(e)     Identify all systems and devices of any kind in or on the tractor that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 5 of 15

(f)    Identify all systems and devices of any kind in or on the tractor that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system;  any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(g)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

6.

With respect to the <u>trailer</u> operated by Defendant Dubov at the time of the Subject Collision, provide the following information:

(a)    Identify the registered owner, leasor (if any) and leasee (if any) on the date of the Subject Collision and presently.

(b)    Provide the mileage and gross weight at the time of the Subject Collision;

(c)    Identify all systems and devices in/on the trailer that have the capability of recording any data about the operation of the trailer (including without limitation

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 6 of 15

ABS control module, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.

(d)    Identify all systems and devices of any kind in or on the trailer that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, any transponders or tachographs; any bar code systems; and any other tracking system, logging unit, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the Subject Collision has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

(e)    Identify all maintenance and repairs performed for the time period from 12 months before the Subject Collision to present.

TRIP AND HOURS OF SERVICE INFORMATION

7.

With respect to the trip that Defendant Dubov was on at the time of the Subject Collision, provide the following information:

(a)    Identify all shippers and brokers involved;

(b)    Explain where and when (date and time) Defendant Dubov picked up the load he had at the time of the Subject Collision;

(c)    Identify where (name and address of location) and when (date and time) the load was to be delivered;

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 7 of 15

(d)     Identify the location, time, duration and reason for each stop Defendant Dubov made from the time he picked up the load until the time of the Subject Collision; and

(e)     Identify the route Defendant Dubov intended to follow from the point of origin to the point of destination.

8.

With respect to Defendant Dubov's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a) Identify all errors on Defendant Dubov's logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c)     Explain what you have done, if anything, to audit or verify the accuracy of [DRIVER]'s logs and identify all persons involved in the process; and,

(d)     Identify all documents and data of any kind that you used to audit or verify the accuracy of Defendant Dubov]'s logs.

9.

For the 72 hours leading up to the Subject Collision, provide the following information regarding Defendant Dubov:

(a) Identify all driving hours;

(b) Identify all on-duty not driving hours (location and activities);

(c) Identify all stops (time and location) and the reason for them;

(d) Identify when and where meals were eaten;

(e) Identify when and where Defendant Dubov slept; and

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 8 of 15

(f)  Identify when and where and in what dosages all medications (prescription and over the counter) were ingested.

10.

If Defendant Golden Lion performs hours of service log audits on drivers,

(a)  Explain what is entailed in the auditing process;

(b)  Identify all documents and data used in the process;

(c)  Identify who performs the audits (in-house or outsourced);

(d)  Identify when, if ever, Defendant Dubov's logs were audited; and

(e)  Identify all Hours of Service violations of which you are aware for Defendant Dubov's while he was working with your company.

## DRIVER INFORMATION

11.

With Respect to  Defendant Dubov, provide the following information:

(a)     Explain the relationship between Defendant Golden Lion and Defendant Dubov at the time of the Subject Collision (e.g., leased driver, company driver, etc.);

(b)     Explain how Defendant Dubov was paid for driving (by hour, by load, by mile, salary or other);

(c)     Explain all steps Defendant Golden Lion undertook to qualify Defendant Dubov in accord with the Federal Motor Carrier Safety Regulations; and

(d)     Identify when Defendant Golden Lion's relationship with Defendant Dubov began and ended.

*Emidencia Abedi v. Golden Lion Transportation, LLC. et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 9 of 15

12.

Was Defendant Dubov acting within the course and scope of his employment or agency at the time of the Subject Collision?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

13.

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by [Defendant Golden Lion regarding Defendant Dubov at any time.

14.

Describe in detail <u>all</u> training and education (including on the job training) provided by or on behalf of Defendant Golden Lion to Defendant Dubov at any time and in any way related to the operation of a commercial motor vehicle.

15.

Identify all traffic violations committed by Defendant Dubov, while in your employ or in previous employment.

16.

If Defendant Dubov has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

17.

Did Defendant Dubov have any health issues that affected or could have affected his ability to drive in any way in the 72 hours leading up to the Subject Incident?  If so, explain.

18.

For each motor vehicle collision/accident involving Defendant Dubov, of which you are

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 10 of 15

aware, provide the collision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

19.

If Defendant Dubov had ever been disqualified or suspended from driving a commercial motor vehicle while in your employ, please describe when and under what circumstances.

20.

Identify and explain all communications of any kind between Defendant Dubov and anyone acting for or on behalf of Defendant Golden Lion during the twenty-four (24) hours **before** and _after_ the Subject Collision.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

REGULATIONS AND POLICIES

21.

If you maintain that the Federal Motor Carrier Safety Regulations did not apply to Defendant Dubov at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, and documents that support your contention.

22.

Identify all Defendant Golden Lion policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions concerning safe driving and/or defensive driving that were made available or provided by Defendant Golden Lion to Defendant Dubov during his employment with Defendant Golden Lion.

*Emidencia Abedi v, Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 11 of 15

## INVESTIGATION OF SUBJECT COLLISION

23.

Describe in detail when and how you first became aware that Defendant Dubov was involved in the Subject Collision.  Please include the identification of all persons involved and what information was conveyed.

24.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

25.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant Golden Lion believes may have relevant testimony of any kind in connection with this case.

26.

Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 12 of 15

27.

Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Defendant Dubov after the Subject Collision occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

28.

As to any tests, inspections, measurements mapping, photography, videography, and/or investigations performed by or on behalf of Defendant Golden Lion, or of which you are at all aware regarding in any way the Subject Collision and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

29.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Incident and/or any person or vehicle involved in the Subject Incident.

30.

If you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 13 of 15

If Defendant Golden Lion has performed any review (e.g., accident review board, preventability determination) of the Subject Collision to determine preventability and/or fault, identify all persons involved in the review, all documents referencing the procedures to be followed for such a review, the dates of the review, documents generated by the review, and the conclusions that were reached.

INSURANCE

32.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

33.

If anyone working for or on behalf of Defendant Golden Lion has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

EXPERTS

34.

Identify each person Defendant Golden Lion expects to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 14 of 15

kind provided to the expert for review; and (d) identify all documents and evidence of any kind

that support each opinion.

Respectfully submitted, this the **11** day of **March**, 2022.

SARAH CORNEJO LAW, LLC

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation, LLC**
Page 15 of 15

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01561-S6
3/17/2022 12:48 PM
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

EMIDENCIA ABEDI,

                  Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

                  Defendants.

**JURY TRIAL DEMANDED**

CAFN:

### PLAINTIFF'S FIRST CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT GOLDEN LION TRANSPORTATION, LLC

COMES NOW, Plaintiff Emidencia Abedi, by and through her undersigned counsel of record, pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, and serves on Defendant, Golden Lion Transportation, LLC (hereinafter "Defendant" or "Defendant Golden Lion"), *Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce to Defendant Golden Lion Transportation, LLC*, as follows:

### INSTRUCTIONS

1. If the Requests are objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendant relied as the basis for each objection.

2. These Requests shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

3. ALL definitions set forth in the section below shall be carefully followed.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 1 of 19

## DEFINITIONS

1. As used herein, the term "you" and "your," is intended to and shall embrace and include Defendant, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendant, and all others who are in possession of or who may have obtained information for or on behalf of Defendant.

2. As used in these Interrogatories, the term "document" is intended to and shall embrace and include everything, whether tangible or not, which is included in the definition of "document" as that term is used in O.C.G.A. § 9-11-34.

3. As used in these Interrogatories, the term "tangible thing" is intended to and shall embrace and include everything which is included in the definition of "tangible things" as that term is used in O.C.G.A. § 9-11-34.

4. As used herein, the term "person" is intended to and shall embrace and include all natural persons and any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

5. As used herein, the term "writing" is intended to and shall embrace and include everything, whether tangible or not, by whomever produced or reproduced, now or at any time in your possession, custody or control, including, but not limited to, all letters, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions, treatises, text books, memoranda, notes, notebooks, work sheets, drawings, agreements, memoranda of conversations, recordings, photographs, diaries or other written, recorded graphic matters and all records of information or communication of whatsoever type or nature which is included in the definition of O.C.G.A. § 9-11-34,

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAF N:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 2 of 19

including copies or reproductions of all the foregoing items upon which notations or writings have been made which do not appear on the originals.

6.  When asked in the Interrogatories for the "identification" of any document or tangible thing, please give the following information:

   (a)    description of the item;

   (b)    nature of the item;

   (c)    date and place the item was made, executed, taken, etc.;

   (d)    identity of the individual who took the item;

   (e)    general summary of the contents of the item, if applicable;

   (f)    how many and what kind of copies, reproductions or other facsimiles there are of the item;

   (g)    condition of the item; and

   (h)    identity of the person or persons who presently have custody of the item or any copy, reproduction, or facsimile thereof.

7.  When asked in the Interrogatories for the "identification" of any natural person or legal entity, give the following information:

   (a)    full name of the person or entity;

   (b)    job title;

   (c)    present employer;

   (d)    present or last known residence or business address; and

   (e)    present or last known telephone numbers.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce**
**to Defendant Golden Lion Transportation, LLC**
Page 3 of 19

## DOCUMENT REQUESTS

### GENERAL

1.

A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Golden Lion.

2.

A copy of each document retention policy in effect for Defendant Golden Lion at any time between the time of the Subject Collision and present.

3.

A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.  This includes all primary, excess, and umbrella policies.

4.

Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### DRIVER

5.

All documents setting forth the relationship between Defendant Dubov and Defendant Golden Lion.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 4 of 19

6.

A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Defendant Dubov in any way including but not limited to Defendant Dubov's driver qualification file, driver investigation file, driver history file, hiring file, personnel file, employment file, and any other documents that demonstrate compliance with federal and/or state driver qualification laws and regulations.  The requested documents include, but are not limited to all documents related to the hiring, training, orientation, supervision, and discipline of Defendant Dubov, all annual driver history inquires for Defendant Dubov, all annual statements of violations from Defendant Dubov, all medical certificates for Defendant Dubov, all pre-employment drug and alcohol tests and results for Defendant Dubov, all post-accident drug and alcohol tests and results for Defendant Dubov, all random drug and alcohol test results for Defendant Dubov, all documents reflecting investigation into Defendant Dubov's past employers, all road tests for Defendant Dubov, and all documents relating to any motor vehicle incident or collision of any kind involving Defendant Dubov.

7.

All documents that relate in any way to your recruiting of Defendant Dubov.

8.

All documents that relate in any way to any orientation or training provided by Defendant Golden Lion to Defendant Dubov.  This includes but is not limited to all documents that show all training received by Defendant Dubov; when, where and who provided the training, and all materials used for training.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia, CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 5 of 19

9.

Copies of all documents (a) explaining how Defendant Dubov was compensated for the one month leading up to and including the date of the Subject Collision and extending one week after the date of the Subject Collision; and (b) showing any detention of wages over the same time period.

10.

A copy of the front and back of every driver's license issued to Defendant Dubov (regardless of name used) in your possession, custody and/or control.

11.

All documents placing you on notice of any violation by Defendant Dubov of any law, ordinance or regulation.  This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings and inspection reports.

12.

All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Defendant Dubov in your possession, custody and/or control.

13.

All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Defendant Golden Lion directed to Defendant Dubov for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Defendant Dubov in any way relating to the safe operation of a commercial vehicle.  This includes

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce**
**to Defendant Golden Lion Transportation, LLC**
Page 6 of 19

but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

14.

A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Defendant Dubov has been involved.

15.

Copies of all documents relating to any complaint, criticism or concern raised by any person or entity regarding the driving performance and/or safety of Defendant Dubov. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

16.

For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor that Defendant Dubov was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision.  This includes all devices, whether owned by Defendant Dubov or not, and whether it was in use at the time of the Subject Collision or not.

17.

Copies of all documents prepared by Defendant Dubov that describes the Subject Collision or the circumstances leading up to the Subject Collision.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 7 of 19

## HOURS OF SERVICE RELATED DOCUMENTS

18.

A copy of all Defendant Dubov's hours of service logs and any other driving logs and/or time sheets for the period beginning 30 days before the Subject Collision and ending 7 days following the Subject Collision.

19.

In addition to the documents responsive to the preceding Request, produce all documents in your possession custody or control that demonstrate what Defendant Dubov was doing for the time period beginning 7 days before the Subject Collision and ending two days following the Subject Collision.  The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c. All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 8 of 19

kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.  All documents evidencing any and all stops; and

e.  All driver calls in reports and any other documentation of any communications between you and Defendant Dubov.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

20.

A copy of all audits and summaries of Defendant Dubov's hours of service covering the period beginning one year prior to the Subject Collision and ending 14 days following the Subject Collision.

VEHICLE INFORMATION

21.

For the tractor involved in the Subject Collision, produce the following documents:

a.  Title;

b.  Registration;

c.  Operators manual;

d.  Maintenance Schedules;

e.  All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 9 of 19

f.  All documents evidencing any inspections of the tractor during the 6 months before the Subject Collision;

g.  All documents evidencing any repairs and/or modifications to the tractor at any time within 6 months before the Subject Collision;

h.  All documents evidencing any repairs made to the tractor as a result of the subject collision (including insurance submissions);

i.  All leases involving the vehicle;

j.  Documents evidencing the purchase of the vehicle;

k.  Documents evidencing the sale of the vehicle if it has been sold;

l.  Documents evidencing mileage and weight at time of the Subject Collision; and

m.  Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

22.

For the trailer involved in the Subject Collision, produce the following documents:

n.  Title;

o.  Registration;

p.  Operators manual;

q.  Maintenance and service manuals;

r.  All documents evidencing maintenance performed on the trailer at any time within 6 months before the Subject Collision;

s.  All documents evidencing any inspections of the trailer during the 6 months

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 10 of 19

before the Subject Collision;

t.    All documents evidencing any repairs and/or modifications to the trailer at any time within 6 months before the Subject Collision;

u.    All documents evidencing any repairs made to the trailer as a result of the subject collision (including insurance submissions);

v.    All leases involving the vehicle;

w.    Documents evidencing the purchase of the vehicle;

x.    Documents evidencing the sale of the vehicle if it has been sold;

y.    Documents evidencing mileage and weight at time of the Subject Collision; and

z.    Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

23.

If any video, data and/or communications of any kind is available (whether or not downloaded or retrieved) from the Truck or any part or system from the Truck (e.g., this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, on-board audio or video recording or monitoring system, or any other driver safety or monitoring

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 11 of 19

system), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

24.

If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Collision.

25.

Produce copies of all e-mails between Defendant Dubov and Defendant Golden Lion for the time period beginning 30 days prior to the Subject Collision to the present.

26.

To the degree that it has not been produced in response to other Requests above, produce all data video, or communications of any kind that was recovered from the tractor, the trailer and/or anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Collision.

27.

Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce**
**to Defendant Golden Lion Transportation, LLC**
Page 12 of 19

28.

Produce all documents provided to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt*(s)*, release*(s)*, assignment*(s)*, etc.

29.

For the tractor and trailer involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning one month before the Subject Collision and ending one week after the Subject Collision.

30.

Produce all pre-trip inspection reports for the trip in question and one month prior to the date of the Subject Collision for the tractor and trailer.

## LOAD

31.

All documents that relate to the load being hauled by Defendant Dubov at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT COLLISION

32.

A copy of every document related to any investigation done by or on behalf of Defendant Golden Lion of the scene of the Subject Collision.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 13 of 19

33.

All documents authored by anyone working for or on behalf of Defendant Golden Lion that set forth any facts relating to the Subject Collision (other than attorneys).

34.

Copies of all statements (written or recorded) of any person involved in the Subject Collision or of any witness with knowledge regarding the Subject Collision or the alleged damages.

35.

All documents that explain what caused the Subject Collision.

36.

All documents assessing preventability of and/or fault for the Subject Collision.

37.

Color or digital file copies of all photographs, video, computer simulations, and any other documents depicting:

aa.    Any vehicle involved in the Subject Collision;

bb.    Any person involved in the Subject Collision;

cc.    The scene of the Subject Collision; and/or

dd.    Any evidence (roadway markings or other) relevant to the Subject Collision.

38.

Copies of all reports relating to the Subject Collision including those prepared by Defendant Dubov and those prepared by anyone working for or on behalf of Defendant Golden Lion (except lawyers).

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 14 of 19

39.

A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

40.

All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

41.

If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

ee.   A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

ff.   A copy of all reports and documents (as defined) of any kind generated by said board or entity;

gg.   Documents evidencing who was on the board;

hh.   Documents evidencing all criteria for review; and

ii.   Determination of preventability and all other conclusions reached by said board or entity.

42.

Copies of all documents reflecting all persons who to your knowledge were present at the scene of the Subject Collision at any time in the 48 hours after the collision; their role; and what actions they took at the scene.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce**
**to Defendant Golden Lion Transportation, LLC**
Page 15 of 19

## THIRD PARTY DOCUMENTS

43.

Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

44.

Copies of all documents you have received in response to a subpoena or non-party request for production of documents including but not limited to all medical records and bills you or your attorneys have obtained.

45.

Copies of all documents and communications of any kind related to any CSA Intervention against your company in the past two years.

## POLICY AND PROCEDURES

46.

Copies of all Defendant Golden Lion's policies, procedures, rules, guidelines, directives, manuals, handbooks, instructions that were in effect and applied to Defendant Dubov at the time of the Subject Collision including any and all materials that were used or disseminated during the training and orientation of Defendant Dubov including any driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by your company, or used by Defendant Golden Lion, its personnel, agents, or employees during the year of the Subject Collision and three years prior.

47.

Copies of each document that Defendant Dubov signed to prove that he received and/or

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 16 of 19

agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Defendant Golden Lion.

48.

A copy of any daily, weekly, monthly, or annual bulletins or other notices from Defendant Golden Lion to its drivers, employees, agents, and/or independent contractors regarding driving safety topics for the two years prior to the subject collision.

49.

A copy of any manual relating to any device in the tractor-trailer that has the capability of recording data from the vehicle.

TRUCKING COMPANY

50.

Copies of any contract under which your company was operating the truck in question at the time of the Subject Collision.

51.

A copy of Defendant Golden Lion's accident register maintained as required by 49 CFR § 390.35.

52.

Documents related to any kind of communication between any federal and/or state agency and Defendant Golden Lion that involved compliance (or noncompliance) with state and/or federal laws and/or regulations in the past 5 years.  This would include, but is not limited to, all letters, interventions, complaints, warnings, citations, investigations, reports, and safety ratings.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 17 of 19

53.

Copies of all documents putting any third party on notice of a claim arising from the Subject

Collision

## MISCELLANEOUS

54.

With respect to each expert witness who may provide testimony at the trial of this case,

provide:

jj.  A copy of all documents (as that term is defined above) and items of any
kind produced **to** said expert;

kk.  A copy of all documents (as that term is defined above) and items of any
kind generated or produced **by** said expert;

ll.  A copy of the entire file of said expert;

mm.  A current résumé or curriculum vitae for said expert; and

nn.  All billing records and work logs for said expert.

55.

A copy of any and all documents and other materials which support any contention that

the Subject Collision was the fault of anyone other than your driver.

56.

Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-

ups, or any other document or thing, including electronically created charts, animations, or data

that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not

previously supplied.

*Emidencia Abedi v, Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 18 of 19

57.

Produce each document or thing that you contend is evidence, proof, or support of your

claims on any issue of negligence or causation as to the Subject Collision, including but not limited

to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

Respectfully submitted, this the 11th day of March , 2022.

**SARAH CORNEJO LAW, LLC**

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce
to Defendant Golden Lion Transportation, LLC**
Page 19 of 19

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01561-S6
3/16/2022 4:54 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EMIDENCIA ABEDI,

      Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

      Defendants.

**JURY TRIAL DEMANDED**

CAFN:   22-C-01561-S6

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT OLEKSANDR DUBOV

    COME NOWS Emidencia Abedi (hereinafter "Plaintiff") and pursuant to O.C.G.A. § 9-11-36 and makes the following *Plaintiff's First Request for Admissions to Defendant Oleksandr Dubov* (hereinafter "Defendant Dubov" or "Defendant") to be responded to within thirty (30) days from the date of service of said *Requests for Admissions*.

    NOTE A: As used herein, the term "you" and "your," is intended to and shall embrace and include any and all Defendants, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendants, and all others who are in possession of or who may have obtained information for or on behalf of Defendants.

    NOTE C: As used herein, the term "person" is intended to and shall embrace and include all natural persons in any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia, CAFN
**Plaintiff's First Requests for Admissions to Defendant Oleksndr Dubov**
Page 1 of 5

NOTE D: If any Request for Admission is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendants relies as the basis for each objection.

## REQUESTS FOR ADMISSION

1.

Defendant Dubov is a proper party to this lawsuit.

2.

Defendant Dubov is properly named in this lawsuit.

3.

Service was proper on Defendant Dubov in this case.

4.

Defendant Dubov is subject to the jurisdiction of this Court.

5.

Venue is proper as to Defendant Dubov in this Court.

6.

Defendant Dubov operated the Tractor-Trailer that was involved in the Subject Collision.

7.

On October 30, 2020, the Tractor-Trailer being operated by Defendant Dubov was a commercial motor vehicle as defined by Federal Motor Carrier Safety Administration (FMCSA).

8.

The Tractor-Trailer being operated by Defendant Dubov at the time of the Subject Collision is owned by Golden Lion Transportation, LLC.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia, CAFN:
**Plaintiff's First Requests for Admissions to Defendant Oleksndr Dubov**
Page 2 of 5

9.

Defendant Dubov was an employee of Golden Lion Transportation, LLC at the time of the Subject Collision.

10.

Defendant Dubov was acting within the course and scope of his employment with Golden Lion Transportation, LLC at the time of the Subject Collision.

11.

At the time of the Subject Collision, Defendant Dubov was working under the control and authority of Golden Lion Transportation, LLC.

12.

At the time of the Subject Collision, you had Golden Lion Transportation, LLC's permission to operate the Tractor-Trailer.

13.

At the time of the Subject Collision, you were required to follow all applicable standards set forth in the Commercial Driver License Manual.

14.

At the time of the Subject Collision, you were required to follow all applicable regulations of the Federal Motor Carrier Safety Administration (FMCSA).

15.

You are not aware of any evidence that there was a mechanical or equipment problem with the Tractor-Trailer that caused or contributed to the Subject Collision.

16.

No mechanical or equipment problem with the Tractor-Trailer caused or contributed to the

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN
**Plaintiff's First Requests for Admissions to Defendant Oleksndr Dubov**
Page 3 of 5

Subject Collision.

17.

You are not aware of any evidence or proof that Plaintiff could have reasonably avoided the crash.

18.

There is no evidence or proof that Plaintiff could have reasonably avoided the crash.

19.

Plaintiff has no responsibility for causing the Subject Collision.

20.

You are partially responsible for causing the Subject Collision.

21.

You are fully responsible for causing the Subject Collision.

22.

You are not aware of any evidence or proof that someone other than Defendant Dubov was the proximate cause of the Subject Collision.

23.

No person or entity other than Defendant Dubov has responsibility for causing the Subject Collision.

24.

Golden Lion Transportation, LLC is responsible for any award of compensatory damages a jury awards as a result Defendant Dubov's negligence.

25.

You were the primary cause of the Subject Collision.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia, CAFN
**Plaintiff's First Requests for Admissions to Defendant Oleksndr Dubov**
Page 4 of 5

Respectfully submitted, this the **11** day of **March**, 2022.

SARAH CORNEJO LAW, LLC

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia, CAFN
**Plaintiff's First Requests for Admissions to Defendant Oleksndr Dubov**
Page 5 of 5

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01561-S6**

**3/16/2022 4:54 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

EMIDENCIA ABEDI,

               Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

               Defendants.

**JURY TRIAL DEMANDED**

CAFN:   22-C-01561-S6

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
## TO DEFENDANT OLEKSANDR DUBOV

COMES NOW, Plaintiff Emidencia Abedi, by and through her undersigned counsel of record, pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, and serves on Defendant, Oleksandr Dubov (hereinafter "Defendant" or "Defendant Dubov"), *Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov*, as follows:

### INSTRUCTIONS

1.  If the Interrogatories are objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendant relied as the basis for each objection.

2.  These Interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

3.  ALL definitions set forth in the section below shall be carefully followed.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 1 of 13

# DEFINITIONS

1. As used herein, the term "you" and "your," is intended to and shall embrace and include Defendant, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendant, and all others who are in possession of or who may have obtained information for or on behalf of Defendant.

2. As used in these Interrogatories, the term "document" is intended to and shall embrace and include everything, whether tangible or not, which is included in the definition of "document" as that term is used in O.C.G.A. § 9-11-34.

3. As used in these Interrogatories, the term "tangible thing" is intended to and shall embrace and include everything which is included in the definition of "tangible things" as that term is used in O.C.G.A. § 9-11-34.

4. As used herein, the term "person" is intended to and shall embrace and include all natural persons and any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

5. As used herein, the term "writing" is intended to and shall embrace and include everything, whether tangible or not, by whomever produced or reproduced, now or at any time in your possession, custody or control, including, but not limited to, all letters, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions, treatises, text books, memoranda, notes, notebooks, work sheets, drawings, agreements, memoranda of conversations, recordings, photographs, diaries or other written, recorded graphic matters and all records of information or communication of whatsoever type or nature which is included in the definition of O.C.G.A. § 9-11-34,

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 2 of 13

including copies or reproductions of all the foregoing items upon which notations or writings have been made which do not appear on the originals.

6.  When asked in the Interrogatories for the "identification" of any document or tangible thing, please give the following information:

    (a)     description of the item;

    (b)     nature of the item;

    (c)     date and place the item was made, executed, taken, etc.;

    (d)     identity of the individual who took the item;

    (e)     general summary of the contents of the item, if applicable;

    (f)     how many and what kind of copies, reproductions or other facsimiles there are of the item;

    (g)     condition of the item; and

    (h)     identity of the person or persons who presently have custody of the item or any copy, reproduction, or facsimile thereof.

7.  When asked in the Interrogatories for the "identification" of any natural person or legal entity, give the following information:

    (a)     full name of the person or entity;

    (b)     job title;

    (c)     present employer;

    (d)     present or last known residence or business address; and

    (e)     present or last known telephone numbers.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 3 of 13

## INTERROGATORIES

## YOUR BACKGROUND INFORMATION

1.

State your full name, date and place of birth, and social security number.

2.

Have you ever been known by any name(s) other than the one you identified in the preceding Interrogatory? If so, identify each name and for each name explain when you were known by that name, whether you had a separate social security number and/or drivers license in that name, and explain why you changed names or went by more than one name.

3.

For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

4.

If you are currently married, identify your spouse, your spouse's employer and job position, and your date of marriage.

5.

If you have ever been divorced, for each divorce identify your former spouse's name and the date and jurisdiction of your divorce.

6.

Identify everyone who resides in your home with you, giving names, ages, and relationships.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 4 of 13

7.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

8.

Identify every person, who you are related to by blood or marriage, who resides in the jurisdiction where this case is pending. For each person, identify his/or her employer, job position, age and how each is related to you. This information is needed for jury selection purposes.

9.

Identify each school and/or vocational training programs you have attended starting with high school and provide the dates you attended and whether or not you graduated.

10.

State the names and addresses of each social, civic, fraternal, professional, occupational, labor and/or religious organizations in which you are a member or have been a member during the last ten years, including in your response the inclusive dates of membership and any offices you have held therein.

11.

If you have ever served your country or community in any way, please explain your service and provide the dates when you served.

12.

For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 5 of 13

13.

Identify each motor vehicle collision(s) that you have been involved in during the past 10 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

14.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

15.

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

16.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

17.

If you have ever been disqualified from driving a commercial motor vehicle, please describe when and under what circumstances you were disqualified.

18.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, sleep motor skills, sensory abilities, etc.) and/or any prescriptions during the past five years whatsoever? If so, describe in detail each condition and/or

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 6 of 13

prescription and identify who treated you for each such condition and/or who prescribed you each such drug.

19.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

20.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL) and training received since obtaining your CDL.

21.

If you were not completely honest in providing information to Defendant Golden Lion Transportation, LLC in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

YOU AND DEFENDANT GOLDEN LION TRANSPORTATION, LLC

22.

As to your work with Defendant Golden Lion Transportation, LLC provide the following information:

(a)   What was your employment status on date of Subject Collision (employed company driver, leased driver, other);

(b)   Explain how you were paid (by hour, by load, by mile, salary or other);

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 7 of 13

(c)     Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)     If you have been terminated, explain when and why you were terminated.

23.

Describe in detail <u>all</u> training and education (including on the job training) provided to you by or on behalf of Defendant Golden Lion Transportation, LLC at any time and in any way related to the operation of a commercial motor vehicle.

24.

Identify your primary supervisor(s) and manager(s) at Defendant Golden Lion Transportation, LLC at the time of the Subject Collision.

25.

For the time period starting 48 hours before the Subject Collision and ending 48 hours after the Subject Collision, identify and explain all communications of any kind (in person, on phone, text message, e-mail, Qualcomm, other) between you and anyone acting for or on behalf of Defendant Golden Lion Transportation, LLC, anyone acting for or on behalf of any insurance company, and/or anyone else for any purpose.

SUBJECT COLLISION

26.

Identify each person with whom you communicated in any way regarding the Subject Collision at any time and provide the details of when, why, where, and for what purpose these communications occurred.  Communications for which you assert a privilege should be identified on a privilege log.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 8 of 13

27.

Identify all persons who to your knowledge were present at the scene of the Subject Collision within 48 hours of the time of the Subject Collision and explain their role at the scene of the Subject Collision and what actions they took.

28.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

29.

Have you prepared and/or given any statement or account of what happened in the Subject Collision to anyone?  If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

30.

If you maintain that Plaintiff has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for her responsibility and identify all person(s) who have any knowledge regarding this issue.

31.

If you maintain that any person or entity other than you has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint,

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 9 of 13

identify each such person and/or entity, describe in detail the basis for their responsibility and identify all person(s) and documents that support your contentions.

32.

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject Collision occurred?  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

33.

Please describe all judicial or administrative hearings or proceedings (including workers' compensation and criminal) concerning the Subject Collision, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present, and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

34.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

35.

List any factual errors you contend are contained in the police report of the Subject Collision.  For each such alleged error, state the facts upon which you rely to support your contention and identify any persons and documents that support your contention.

36.

Do you accept responsibility for causing the Subject Collision?

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 10 of 13

37.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period **immediately before** the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

MISCELLANEOUS

38.

With respect to the trip that you were on at the time of the Subject Collision, provide the following information:

(a) Identify where and when (date and time) you picked up the load you had at the time of the Subject Collision;

(b) Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c) Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the Subject Collision; and

(d) Identify the route you intended to follow from the point of origin to the point of destination.

39.

Explain in detail where you were and what you were doing during the 72 hours **immediately prior to** and the 48 hours **immediately following** the Subject Collision.  This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 11 of 13

40.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Collision, provide the following information:

(a)     Identify all errors on your logs of which you are aware;

(b)     Identify all HOS violations of which you are aware;

(c)     Are you aware of any audit of your HOS for the 8 days leading up to the collision?

41.

For each communication device (cell phone, text message device, e-mail device, etc.) that was in the tractor you were operating on the day of the Subject Collision, explain whether or not it was in use at any time in the hour preceding the Subject Collision and identify the service provider, account number, phone number and owner.

42.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regards to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 12 of 13

<u>INSURANCE</u>

43.

For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

Respectfully submitted, this the ___11___ day of ___March___, 2022.

SARAH CORNEJO LAW, LLC

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff(s)

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN: T.B.D.
**Plaintiff's First Continuing Interrogatories to Defendant Oleksandr Dubov**
Page 13 of 13

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-01561-S6
3/16/2022 4:54 PM
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

EMIDENCIA ABEDI,

                    Plaintiff,

vs.

GOLDEN LION TRANSPORTATION, LLC,
NORTHLAND INSURANCE COMPANY and
OLEKSANDR DUBOV,

                    Defendants.

**JURY TRIAL DEMANDED**

CAFN:   22-C-01561-S6

### PLAINTIFF'S FIRST CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT DRIVER OLEKSANDR DUBOV

COMES NOW, Plaintiff Emidencia Abedi, by and through her undersigned counsel of record, pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, and serves on Defendant, Oleksandr Dubov (hereinafter "Defendant" or "Defendant Dubov"), *Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce to Defendant Driver Oleksandr Dubov*, as follows:

### INSTRUCTIONS

1. If the Requests are objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendant relied as the basis for each objection.

2. These Requests shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

3. ALL definitions set forth in the section below shall be carefully followed.

## DEFINITIONS

1.  As used herein, the term "you" and "your," is intended to and shall embrace and include Defendant, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendant, and all others who are in possession of or who may have obtained information for or on behalf of Defendant.

2.  As used in these Requests, the term "document" is intended to and shall embrace and include everything, whether tangible or not, which is included in the definition of "document" as that term is used in O.C.G.A. § 9-11-34.

3.  As used in these Requests, the term "tangible thing" is intended to and shall embrace and include everything which is included in the definition of "tangible things" as that term is used in O.C.G.A. § 9-11-34.

4.  As used herein, the term "person" is intended to and shall embrace and include all natural persons and any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

5.  As used herein, the term "writing" is intended to and shall embrace and include everything, whether tangible or not, by whomever produced or reproduced, now or at any time in your possession, custody or control, including, but not limited to, all letters, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions, treatises, text books, memoranda, notes, notebooks, work sheets, drawings, agreements, memoranda of conversations, recordings, photographs, diaries or other written, recorded graphic matters and all records of information or communication of

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and
Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 2 of 13

whatsoever type or nature which is included in the definition of O.C.G.A. § 9-11-34, including copies or reproductions of all the foregoing items upon which notations or writings have been made which do not appear on the originals.

6. When asked in the Requests for the "identification" of any document or tangible thing, please give the following information:

    (a)    description of the item;

    (b)    nature of the item;

    (c)    date and place the item was made, executed, taken, etc.;

    (d)    identity of the individual who took the item;

    (e)    general summary of the contents of the item, if applicable;

    (f)    how many and what kind of copies, reproductions or other facsimiles there are of the item;

    (g)    condition of the item; and

    (h)    identity of the person or persons who presently have custody of the item or any copy, reproduction, or facsimile thereof.

7. When asked in the Requests for the "identification" of any natural person or legal entity, give the following information:

    (a)    full name of the person or entity;

    (b)    job title;

    (c)    present employer;

    (d)    present or last known residence or business address; and

    (e)    present or last known telephone numbers.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and**
**Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 3 of 13

## DOCUMENT REQUESTS

### GENERAL

1.

A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to you.

2.

A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision including any excess or umbrella policies covering you on the date of the Subject Collision.

3.

Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### YOUR INFORMATION

4.

All documents setting forth the relationship between you and Defendant Golden Lion Transportation, LLC (hereinafter "Defendant Golden Lion"). This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

5.

A copy of all documents in your possession that relate to your qualifications to operate the Tractor-Trailer or any commercial vehicle.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and
Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 4 of 13

6.

A copy of all documents in your possession that relate to work you have done for any trucking company or motor carrier in the past seven years.  This includes any documents you prepared for any trucking company or motor carrier and any documents you ever received from any trucking company.

7.

Copies of all medical certificates in your possession for the past seven years.

8.

Copies of all blood and/or urine test results in your possession for the past seven years.

9.

All data and materials you have ever obtained through FMCSA's Pre-Employment Screening Program.

10.

All documents that relate in any way to your orientation or training at Defendant Golden Lion.

11.

All documents in your possession that relate in any way to your training to operate a commercial motor vehicle.

12.

A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody and/or control.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and**
**Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 5 of 13

13.

All documents giving you notice of any violation of any law, ordinance or regulation by you.

14.

Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

15.

All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Defendant Golden Lion directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

16.

A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

17.

For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the Tractor-Trailer that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the Subject Collision and ending 48 hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and
Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 6 of 13

18.

Copies of each MVR regarding you in your possession.

19.

Copies of each DAC report regarding you in your possession.

20.

Copies of each personnel file and employment-related file in your possession.

21.

Copies of all medical treatment records related to injuries sustained by you in during the Subject Collision.

22.

All correspondence and other communications of any kind between you and any third-party relating to the Subject Collision.

23.

All correspondence and other communications of any kind between you and any other Defendant in this case.

<u>HOURS OF SERVICE RELATED DOCUMENTS</u>

24.

Copies of all hours of service logs or other time logs in your possession for the period beginning 30 days before the Subject Collision and ending 14 days following the Subject Collision.

25.

In addition to the documents responsive to the preceding Request, produce all documents showing where you were and what you were doing during the period beginning 7 days before the

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and
Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 7 of 13

Subject Collision and ending 1 day following the Subject Collision.

26.

A copy of all audits and summaries of your logs.

27.

For the period beginning 8 days prior to the Subject Collision and ending 24 hours after the Subject Collision produce all of the following documents in your possession:

(a) dispatch records;

(b) fax transmissions;

(c) mobile radio records;

(d) pre-rate records;

(e) wrecker or tow truck records;

(f) pick-up and delivery records;

(g) trip summaries;

(h) delivery manifests;

(i) credit card receipts;

(j) toll tickets;

(k) fuel receipts;

(l) weight tickets;

(m) fuel tax records;

(n) state entry and departure records;

(o) expense sheets;

(p) trailer interchange records;

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and**
**Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 8 of 13

(q) bills of lading;

(r)  manifests and waybills; and

(s)  rental contracts involving the vehicle.

28.

Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

LOAD

29.

All documents that relate, refer to and/or discuss in any way the load you hauled at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

SUBJECT COLLISION

30.

Copies of all documents in your possession, custody and/or control relating in any way to the Subject Collision.

31.

Copies of all documents sent by you to any person or entity (other than your attorney's communications), regarding the Subject Collision and/or describing the Subject Collision.

32.

A copy of every document related to any investigation done by or on behalf of Defendant

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and
Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 9 of 13

Golden Lion or Northland Insurance Company of the scene of the Subject Collision.

33.

All documents that set forth any facts leading up to the Subject Collision.

34.

All documents that explain what caused the Subject Collision.

35.

All documents assessing preventability of and/or fault for the Subject Collision.

36.

Color or digital file copies of all photographs, video, computer simulations, and any other documents depicting:

    a.    Any vehicle involved in the Subject Collision;

    b.    Any person involved in the Subject Collision;

    c.    The scene of the Subject Collision;

    d.    Any evidence (roadway markings or other) relevant to the Subject Collision; and/or

    e.    Any other person, place or thing relevant to the Subject Collision or which supports and refutes any of your contentions.

37.

Copies all reports relating to the Subject Collision in your possession custody and/or control.

38.

A copy of all correspondence and other communications (including e-mail) that you have

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al,*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and**
**Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 10 of 13

had with any person other than your lawyer involving the Subject Collision.

39.

All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

40.

A copy of your cell phone records for the period beginning the day before the Subject Collision and ending the day after the Subject Collision including any and all records and bills reflecting usage, call time, caller identification, incoming/outgoing, data usage, text messaging data, recipient identification, etc.

## THIRD PARTY DOCUMENTS

41.

Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three years.

42.

Copies of all documents you have received in response to a subpoena or non-party request for production of documents including but not limited to all medical records and bills you or your attorneys have obtained.

## POLICIES AND PROCEDURES

43.

Copies of all handbooks and manuals provided to you by Defendant Golden Lion at any time.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and**
**Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 11 of 13

44.

Copies of all policies, procedures, rules, guidelines, directives, and instructions ever given to you by Defendant Golden Lion.

MISCELLANEOUS

45.

With respect to each expert witness who may provide testimony at the trial of this case, provide:

(a) A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

(b) A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

(c) A copy of the entire file of said expert;

(d) A current résumé or curriculum vitae for said expert; and

(e) All billing records and work logs for said expert.

46.

A copy of any and all documents and other materials which support any contention that the Subject Collision was the fault of anyone other than you.

47.

Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and
Notice to Produce to Defendant Driver Oleksandr Dubov**
Page 12 of 13

48.

Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

Respectfully submitted, this the ___11th___ day of ___March___, 2022.

SARAH CORNEJO LAW, LLC

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Plaintiff's First Continuing Requests for Production of Documents and**
**Notice to Produce to Defendant Driver Oleksandr Duboy**
Page 13 of 13

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01561-S6**
**3/16/2022 4:54 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  GWINNETT  County

| For Clerk Use Only | |
|---|---|
| | **22-C-01561-S6** |
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
Abedi, Emidencia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Golden Lion Transportation, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Northland Insurance Company | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Dubov, Oleksandr | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney**  Sarah P. Cornejo          **Bar Number** 641971          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**          _____ **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01561-S6**
**3/17/2022 12:48 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EMIDENCIA ABEDI,<br><br>               Plaintiff,<br><br>vs.<br><br>GOLDEN LION TRANSPORTATION,<br>LLC, NORTHLAND INSURANCE<br>COMPANY and<br>OLEKSANDR DUBOV,<br><br>               Defendants. | CAFN:<br><br>**22 C 01561-6** |

## NOTICE OF LEAVE OF ABSENCE

COMES NOW, the undersigned counsel for the Plaintiffs pursuant to Uniform Superior Court Rule 16.1, and hereby respectfully notifies Defendants, this Clerk of Court and Judge before whom this case is assigned that she will be on leave away from the practice of law for the following dates for the purposes of CLE(s), seminars, firm meetings and family and personal reasons: **March 18, April 15, May 20, June 17, July 15, August 4 – 5, August 8 – 12, September 2, September 16, October 14, October 28, October 31, November 4, November 18, November 21-25, December 2, December 9, December 20-23, and December 26 – 30, 2022**.

Further, pursuant to Georgia Uniform Superior Court Rule 16.2, counsel hereby provides notice to the Defendants, this Clerk of Court and Judge that she intends to be away from the practice of law for the period of **April 25, 2022 – July 29, 2022**, for maternity and medical leave.

**[SIGNATURE ON PAGE 2 OF 2]**

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 1 of 2

Respectfully submitted, this the __11th__ day of March, 2022.

**SARAH CORNEJO LAW, LLC**

Sarah P. Cornejo
Georgia Bar No. 641971
Christopher R. Keegan
Georgia Bar No. 832664
Counsel for the Plaintiff

313 Creekstone Ridge
Woodstock, Georgia  30188
Telephone: 770.709.5955
Telecopier: 770.709.5778
sarah@scornejolaw.com
chris@scornejolaw.com
aimee@scornejolaw.com

*Emidencia Abedi v. Golden Lion Transportation, LLC, et al.*
In the State Court of Gwinnett County, State of Georgia; CAFN:
**Complaint for Damages**
Page 2 of 2

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01561-S6**

**4/12/2022 9:54 AM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 22-C-01561-S6

Plaintiff: **Emidencia Abedi**
vs.
Defendant: **Golden Lion Transportation, LLC, Northland Insurance
Company and Oleksandr Dubov**

For: Sarah Cornejo
Sarah Cornejo Law, LLC

Received by Ancillary Legal Corporation on the 21st day of March, 2022 at 2:43 pm to be served on **Golden Lion Transportation LLC c/o Oleksandr Dubov, 8744 Fieldcroft Drive, Charlotte, NC 28277.** I, __Jason D. Guerra__, being duly sworn, depose and say that on the __25th__ day of __March__, 20__22__ at __12:20p__ .m., executed service by delivering a true copy of the **Summons, Complaint for Damages, Plaintiff's First Request for Admissions to defendant Golden Lion Transportation LLC, Plaintiff's First Continuing Requests for Production of Documents and Notice to Produce to Defendant Golden Lion Transportation Inc, Plaintiff's First Continuing Interrogatories to Defendant Golden Lion Transportation LLC, Notice of Leave of Absence, General Civil and Domestic Relations Case Filing Information Form,** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(x) CORPORATE SERVICE: By serving _Inne Dubov_ as _____
Authorized to Accept/Bookkeeper _____ .

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____ .

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _40_ SEX M(F) Race _White_ Height _5'03"_ Weight _120_ Hair _Brown_ Glasses Y(N)

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __31st__ day of __March__, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC   2-8-203

PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2022002838

Copyright ©1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2i

LESTER L. FRANZEN
NOTARY PUBLIC
February 8, 2031
SOUTH CAROLINA